JAMES B. FLEMING, RESPONDENT, v. GEORGE HILLMAN, JR., APPELLANT.

Submitted October 16, 1931—Decided January 20, 1932.

Before Justices CAMPBELL, LLOYD and BODINE.

For the appellant, *Jacob Van Der Clock.*

For the respondent, *Betz & Stein.*

PER CURIAM.

This action was in the District Court to recover for taxi-cab service furnished to the wife of the defendant. The case was tried before the judge without a jury and a finding and judgment in favor of the plaintiff resulted.

The defendant appeals and urges for reversal first that the court erred in admitting the plaintiff's books of original entries. At the trial the books were objected to not on the ground that they were incompetent, but that the plaintiff was not pursuing a proper method of proving the account. Certainly the method of proof was competent. The plaintiff was called and testified that the book offered was in his hand-writing; the entries which he made in the book offered were copied from the small books kept by the drivers. The book kept by the plaintiff and those kept by his drivers appear to have been received. The question whether the books themselves were competent is not presented and if it were, we are not prepared to say that the admission of the books was harmful error even though incompetent, as the plaintiff stated without objection the amount due was $146, and to this statement there was no subsequent contradiction; indeed the wife testified on cross-examination to the correctness of the specific items mentioned in the account.

It is next urged that the court erred in denying the defendant's motion for nonsuit and for the direction of a verdict in his favor. Neither of these motions could have been granted in the light of the testimony. It seems that in the spring of 1930, the defendant and his wife were living together, but an estrangement arose between them and the husband refused the wife the use of a LaSalle car and a Ford car which he owned and which had previously been at her disposal, telling her that she should "hire a taxi or use a

bus or do as she damned pleased." On the strength of this she hired the taxi and incurred the bills sued for.

The wife's testimony further showed that the husband was in receipt of a large income, approximately $30,000, which if true, would justify, in view of the denial of the privilege of the private cars, the use of other means of transportation (the commonest of which perhaps is the taxicab), as reasonably necessary. It is true the respondent asserts that his income was approximately one-third of that amount, but this would present a question of fact, the disposition of which we cannot review on appeal.

The judgment is affirmed, with costs.